CHRISTIAN, J.,
delivered the opinion of the court.
This is a writ of error to a judgment of the Hustings court of the city of Richmond.
The plaintiff in error was tried and convicted as accessory after the fact, to one John Dull, who had been convicted in the same court of a felony.
The indictment in this case, after setting out the felony committed by John Dull, charged that “John Wren, of the said city, well knowing the said John Dull to have committed the said felony in form aforesaid, to wit: since the said felony was committed, in the year aforesaid, in the city aforesaid, the said John Dull did then and there unlawfully receive, harbor and maintain, against the peace and dignity of the commonwealth of Virginia.”
After the evidence was closed and the case submitted to the jury, and after some time passed in deliberation, they returned into court and propounded to the court a written enquiry in the following words: “Are we considering the question against John Wren, or John Wren a detective officer? If a detective official, does the fact that he allowed Dull, after the compromise, to go unarrested, make him (Wren) accessory after the fact?”
To this inquiry the court responded:
“If you believe, from the evidence, that at the time of the transactions detailed in the evidence, John Wren was a detective officer and police constable of the city of Richmond, it is proper for you to weigh that fact in determining his guilt or innocence, it being ’x'hi's right and duty as such officer to arrest any felon, upon knowledge of his felony.
“If you believe, from the evidence, that the prisoner, a police constable and detective, with notice that John Dull had committed a felony, permitted him to go from *642 his presence, after the alleged compromise, without arresting him, intending to allow him to go free of arrest, it is a material fact to be considered by the jury, in connection with the other conduct of the accused, in determining upon the guilt or innocence of the prisoner.”
The court is of opinion that these instructions, in the form in which they were given, were calculated to mislead the jury, and were therefore erroneous.
They were given, as will be observed, in response to an inquiry made by the ju’ry upon a single point — “Are we considering the question against John Wren, or John Wren a detective officer; if a detective official, does the fact that he allowed Dull, after the compromise, to go unarrested, make him accessory after the facts?”
It is apparent that the jury were seeking, at the hands of the court, a definition of what, in law, constitutes an accessory after the fact; and the particular point of the enquiry, to which the court was called upon to respond, was, if they were to consider the case against John Wren as a detective officer, and being “a detective official,” does the fact that he failed to arrest Dull make him accessory after the fact?
This enquiry plainly ought to have been answered in‘the negative.
The question propounded by the jury was not, whether the fact that the accused was a detective officer and police constable of the city of Richmond, was a fact which they ought to consider and weigh in ^determining his' guilt or innocence. Nor whether, being a detective officer and having notice that Dull had committed a felony, the accused permitted him to go from his presence without arresting him, was a material fact to be considered by the jury in connection with the other conduct of the accused in determining his guilt or innocence.. If the enquiry had been directed to these points, the response of the court would have been entirely unobjectionable. But the single enquiry propounded by the jury was, in effect, “Does the fact that the accused, who is a detective officer, failed to arrest Dull, make him accessory, after the fact, to the felony committed by Dull?” This was the single and pointed enquiry, and to this there ought to have been a negative response. The jury ought to have been told by the court, in response to their enquiry, that the fact that the accused was a detective officer and allowed Dull to go unarrested ,did not of itself make him an accessory, after the fact, to the felony committed by Dull. If such declaration had prefaced the instructions given, they would have been in all respects proper and unobjectionable. But the failure to give such negative response 'to the single enquiry of the jury, and giving the instructions without such direct response to their question was calculated to mislead them.
Now, it cannot be questioned that a mere failure to make arrest of a felon, taken by itself, does not in law constitute the party an accessory after the fact.
Accessories after the fact, by the common law, are those who knowing a felony to have been committed by another, receive, relieve, comfort or assist the felon. 1 Hale P. C., 618; 1 Whar. Am. C. L., g 146; 1 Bishop C. I/., § 633, 634. “The true test,” says Bishop, ‘ ‘for determining whether one is accessory after the *fact, is to consider whether what he did was done by way of personal help to his principal, with the view of enabling the principal to elude punishment — the kind of help rendered appearing to be unimportant. Thus, he is an accessory who with requisite knowledge and intent furnishes tbe principal felon with the means of escape — money or victuals to support him, a house or other shelter to conceal him, or open force or violence to rescue or protect him. So likewise to convey instruments to a felon to enable him to break jail, or to bribe the jailor to let him escape, makes a man accessory to the felony.” Ib. § 634.
‘ ‘But when the thing done amounts to no more than the compounding of a felony or a misprision of it, the doer will not be an accessory. Thus, a person will not be such who merely neglects to make known to the authorities that a felony has been committed, or forbears to arrest the felon, or agrees not to prosecute him.” Ib. $ 633.
“Any assistance,” says Wharton, “given to one known to be a felon, in order to hinder his apprehension, trial or punishment, is sufficient to make -a man an accessory after the fact. ’ ’ The author then gives various illustrations similar to those given above, and adds, “merely suffering the felon to escape, however, will not charge the party so doing, such amounting to a mere omission.” 1 Whart. $ 146 and cases there cited.
We do not believe that the able and efficient judge of the Hustings court of Richmond intended by his instructions to controvert or deny these acknowledged and well settled general principles. But in the hurry of a jury trial, his instructions were so shaped, that, we are bound to say, they might have had the effect to mislead the jury as to the law of the case.
*Now, the failure of a police officer to make an arrest when he knows that a felony has been committed, is certainly a gross violation of duty, and a grave offence against the law; but this does not constitute him an accessory after the fact to the felony committed. Whether it does or does not is a question of law, which it was the province and duty of the court to decide, when propounded either by the jury or the prisoner’s counsel.
The jury had asked whether such failure to arrest did, in law, constitute the accused an accessory to the felony committed by Dull. To this no direct response was given; but they were told it was a material fact to be considered by them.
The failure to give a negative response to this enquiry, and simply submitting it to them as a material fact to be considered *643 by them, might have misled them as to the law upon the subject.
The jury, composed of men (as is usually the case) without knowledge of legal principles, might have been led to believe that the judge (when he gave no negative response to those enquiries, but left it to them as a material fact to be considered along with other conduct of the accused,) intended, in effect, to affirm the proposition that the failure to arrest Dull constituted Wren an accessory after the fact to the felony committed by Dull. At any rate, the enquiry propounded was a question of law, to which the court ought to have responded ; and not a question of fact, to be submitted to the jury.
The instructions given by the court would have been proper and unobjectionable if they had been preceded by the declaration that the mere failure of the accused to arrest Dull did not constitute him an accessory to the felony committed by Dull. But because *the failure to make this declaration might have misled the jury as to the law of the case, this court is of opinion that for this reason the judgment of the said Hustings court should be reversed, the verdict set aside, and the cause remanded for a new trial to be had therein.
STAPBEvS, J., concurred in a part of Judge Christian’s opinion, but he would have gone further. There were two questions submitted by the jury; both of which should have been answered. Again, the instruction given is not correct. The court says the failure to arrest was a material fact: that depends upon the motive of the party.
BOUT/DIN, J., concurred with Staples that both questions should have been answered. In all other respects he concurred in the opinion of Judge Christian.
Judgment reversed.